Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000658
29-APR-2019
08:57 AM

NO. CAAP-17-0000658

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I,
Plaintiff-Appellee,
v.
MINDA PIERCE,
Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CASE NO. 3DTC-17-029982)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant Minda Pierce (Pierce) appeals from the Judgment/Order and Notice of Entry of Judgment/Order, filed on August 15, 2017, in the District Court of the Third Circuit, Puna Division (District Court).[1]

Pierce was convicted of driving without a license, in violation of Hawaii Revised Statutes (HRS) § 286-102 (Supp. 2017), and driving without motor vehicle insurance, in violation of HRS § 431:10C-104 (2005).

On appeal, Pierce claims: (1) the State failed to present substantial evidence she was not exempted by statute from the driver's licensing requirements; and (2) she did not waive her right to testify because the District Court's colloquy was deficient.

---

[1]   The Honorable Michael J. Udovic presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Pierce's points of error as follows:

(1) Pierce claims the State had the burden to prove she was not exempted from licensure under HRS §§ 286-102 and 286-105 (Supp. 2016). Pierce contends HRS § 286-102(a)(1) is an element of the offense, thus, the State has the burden to prove Pierce was not exempted under HRS § 286-105.

In State v. Castillon, 140 Hawai'i 242, 247, 398 P.3d 831, 836 (App. 2017), cert. granted, No. SCWC-16-0000421, 2017 WL 5899258 (Haw. Nov. 29, 2017), this court held that the statutory exceptions referred to in HRS § 286-102(a) are not elements of the offense, but constitute defenses. This court stated that the State did not have the burden of disproving any of the statutory exceptions and noted that the defendant in Castillon did not offer any evidence that she qualified for the exceptions. Id. Therefore, the District Court did not err in not requiring the State to prove that Pierce was not exempt from licensure under HRS §§ 286-102 and/or 286-105.

(2) The District Court's right-to-testify colloquy was defective, thus, the District Court did not obtain an on-the-record waiver of Pierce's right to testify. State v. Pomroy, 132 Hawai'i 85, 87, 319 P.3d 1093, 1095 (2014), as corrected (Jan. 29, 2015). After the District Court recited a litany of rights, Pierce only responded to an inquiry whether she would testify and that it was her choice not to testify. There was no showing Pierce understood the rights recited to her, much less engaged in a true exchange to ascertain her understanding of her rights. See id. at 93, 319 P.3d at 1101. The District Court simply advised Pierce of her rights. See id. at 94, 319 P.3d at 1102. The error was not harmless beyond a reasonable doubt because it is unknowable from the record whether Pierce's testimony, had she given it, could have established reasonable doubt that she committed driving without a license and driving without motor vehicle insurance. See id.

Therefore, IT IS HEREBY ORDERED that the Judgment/Order and Notice of Entry of Judgment/Order, filed on August 15, 2017, in the District Court of the Third Circuit, Puna Division, is vacated and the case is remanded for a new trial.

DATED: Honolulu, Hawaiʻi, April 29, 2019.

On the briefs:

Matthew K. Kaʻaihue
Deputy Public Defender
for Defendant-Appellant.

Christopher P. Schlueter
Deputy Prosecuting Attorney
County of Hawaiʻi
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge